United States Bankruptcy Court
Southern District of Iowa

In re:                                                              Case No. 16-00490-lmj
Scott David Clark                                                   Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0863-4        User: auto           Page 1 of 1              Date Rcvd: Jun 05, 2020
                            Form ID: 13180W      Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 07, 2020.
db           +Scott David Clark,    34507 Elmtree Road,    Carson, IA 51525-6108
cr           +Ditech Financial LLC,    1400 Turbine Drive Suite 200,    Rapid City, SD 57703-4719
802153135    ++IOWA DEPARTMENT OF REVENUE,    ATTN BANKRUPTCY UNIT,    PO BOX 10471,    DES MOINES IA 50306-0471
              (address filed with court: Iowa Department of Revenue,    P.O. Box 10465,
                Des Moines, IA 50306-0465)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
802179680      EDI: WFFC.COM Jun 06 2020 03:48:00     Wells Fargo Bank, N.A., as Trustee,
                c/o Ditech Financial LLC,    PO Box 6154,    Rapid City, SD 57709-6154
                                                                                               TOTAL: 1

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
802153136     ##+Ditech Financial Llc,    Po Box 6172,    Rapid City, SD 57709-6172
                                                                                               TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2020                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 5, 2020 at the address(es) listed below:
              Carol F Dunbar    ssteffen@iowachapter13.com,
               mweber@iowachapter13.com;cdunbar13dm@ecf.epiqsystems.com
              Deanna R Bachman    on behalf of Trustee Carol F Dunbar dbachman@iowachapter13.com
              Julian Theodore Cotton    on behalf of Creditor    Wells Fargo Bank, National Association, not in
               its individual or banking capacity, but solely as Trustee on behalf of the Lake County Mortgage
               Loan Trust 2006-HE1 jcotton@padgettlaw.net
              Mark D Walz    on behalf of Creditor    Wells Fargo Bank, N.A., as Trustee for Lake Country
               Mortgage Loan Trust 2006-HE1, by Ditech Financial LLC, as Servicer with delegated authority for
               the trustee markwalz@davisbrownlaw.com,    markwalz@davisbrownlaw.com
              Roxanne M Alhejaj    on behalf of Debtor Scott David Clark roxanne@bankruptcynebraska.com,
               notice@bankruptcynebraska.com;alhejajlaw@gmail.com
              United States Trustee    USTPRegion12.DM.ECF@usdoj.gov
              Wendee N Elliott-Clement    on behalf of Creditor    Ditech Financial LLC iabksdecf@southlaw.com,
               ksbkecf@ecf.courtdrive.com
                                                                                               TOTAL: 7

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Scott David Clark | Social Security number or ITIN  xxx–xx–1199 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Southern District of Iowa | |
| Case number: | 16–00490–lmj13 | |

# Order of Discharge                                                                                          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Scott David Clark

6/5/20                                                                      **By the court:**     Judge Lee M. Jackwig
                                                                                                  United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

  ♦ debts that are domestic support obligations;

  ♦ debts for most student loans;

  ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**